Ayse Sen
1845 N Broadway #231
Escondido CA 92026
Tel: 858-750-8753

Plaintiff Pro Se'

FILED
JUN 15 2016
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY            m            DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Ayse Sen,

      Plaintiff,

  vs.

Amazon.com, Inc. and Does 1 through 10, Inclusive.

      Defendants

) Case No.: **16 CV 1486 JAH JLB**
)
) COMPLAINT FOR:
) 1. TRADEMARK INFRINGEMENT,
) 2. UNFAIR COMPETITION, FALSE
)    ADVERTISING
) 3. Tortitious Interference
)
) **DEMAND FOR JURY TRIAL**

Plaintiff alleges:

Plaintiff Ayse Sen (hereinafter "Plaintiff"), for her Complaint against defendant Amazon.com, Inc. (hereinafter, "Defendant" or "Amazon.com") and Does 1 through 10, about a Registered Trademark called Baiden with the registration number 86,351,643 Registered November 3, 2015 (hereinafter "Mark" or "Baiden") alleges as follows:

///

///

///

1

COMPLAINT

## I. JURISDICTION AND VENUE

1. This is a complaint for Trademark Infringement, Unfair Competition, and False Description arising under Sections 32 and 43 of the Lanham Act, 15 U.S.C. Sections 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Description) and for Injury to Business Reputation.

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1338(a) and 15 U.S.C. Section 1121. This Court has related claim jurisdiction over the state law tort claim pursuant to 28 U.S.C. Section 1338(b) and 28 U.S.C. Section 1367.

3. This Court has personal jurisdiction over the Defendants, Amazon.com, Inc., because Defendants maintain their principal place of business in the State of California.

4. Venue is proper in this district under 28 U.S.C. Section 1391(a), in that all of the Defendants are subject to personal jurisdiction in this district at the time the action is commenced, and under 28 U.S.C. Section 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district, and the Defendants maintain their principal place of business in this district.

## II. THE PARTIES

5. Plaintiff, Ayse Sen, is and at all times mentioned herein, is an individual, and is a resident of the County of San Diego, California.

6. Upon information and belief, Defendant, Amazon.com, Inc., is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of California, their agent for service of process is titled as "Corporation Service Company which will do business in California as CSC – Lawyers Incorporating Service", 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

7. Plaintiff, is unaware of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and therefore alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries as herein alleged were proximately caused by such defendants. These fictitiously named defendants along with the defendants named above, are herein referred to collectively as "Defendants."

///
///
///

### III. FACTUAL BACKGROUND

8. This is a complaint for Trademark Infringement, under the Lanham Act, 15 U.S.C. § 1051 et seq.; 15 U.S.C. § 1114(a); unfair competition(15 U.S.C. § 1125), false advertising of origin under the Lanham Act, 15 U.S.C. § 1125(a) arising from Defendant's unauthorized use of Plaintiff's trademark, BAIDEN in online pay-per-click (PPC) Campaigns and Promotions.

9. There are also claims alleged herein arise under the Trademark Act, 15 U.S.C. § 1051, et seq., and under the Copyright Act of 1976, 17 U.S.C. § 101, et seq., for (i) contributory and vicarious liability for trademark infringement; and (iii) contributory and vicarious liability for copyright infringement. The copy of the said trademark registration is attached hereto as Exhibit A.

10. Plaintiff further asserts that there is tortious interference with Plaintiff's prospective and actual business relations, and tortious interference with an economic advantage. Defendant uses improper methods of disrupting or diverting the business relationships of another which fall outside the boundaries of fair competition.

11. In September 2013 Plaintiff noticed that there was a review under one of her products with her Mark on

Defendant's platform clearly advertising a competitive product with a link to the competitive product listing. This review clearly is infringing upon Plaintiff's Mark by using her Branding and goodwill to promote an irrelevant product. See Exhibit B. Plaintiff corresponded with Amazon.com Legal Department to remove the review since it was not a review about her product but it is a review and a promotion of a competitive listing using her branding and Mark. Even though Amazon.com removed the review upon her first complaint, it was restored after a short time. Plaintiff's many attempts after restoring the unfair advertising review was not responded and regarded by Defendant.

12. Free advertising and promotion of the competitive product under Plaintiff's listing caused financial loss since August 2013. By not taking action Defendant made Plaintiff pay for it with the lost sales, product disparagement, counter productive Branding, Mark dilution over the years.

13. Plaintiff's product is made from high quality, expensive raw materials with time sensitive proprietary methods to manufacture the most effective skin exfoliation products. The product also includes the packaging, marketing, and other branding efforts. The packaging alone costs more than the competitive product that is advertised freely under her listing. By allowing such a review with false statement in terms of the

product price and advertising low quality, cheap product as replacement of her product as a review Defendant caused product disparagement.

14. Over the several years this reviewer changed her review often. Some of the versions were confusing for customers and diluting the Mark as though the competitive product was part of Mark.

15. After restoring her review, the reviewer was also encouraged and continued the similar advertising under other products that sent traffic to her products at the platform and caused to extend financial loss besides weakening the strength of her Mark. See Exhibit C.

16. Plaintiff also noticed that Defendant was sponsoring pay-per-click campaigns (PPC) using Mark and bidding on Mark or/and Mark related keywords on major search engines besides allowing the review abuse. Defendant is using Mark in the title of the ads and bidding on Mark to drive the traffic to a landing page where all off the competitive exfoliation products put together including the competitive product subject of the above review. This PPC campaigns have been causing financial loss over the years infringing upon Plaintiff's Mark to drive traffic to the competitive products.

17. These campaigns take place on the major Search Engines diverting the online traffic of the people that are searching the Mark or/and Mark related keywords to a landing page at Amazon.com's website that has

6

competitors' products. This PPC campaigns has attractive ads that use Mark in the title. See samples of advertising in Exhibit D and the Landing page in Exhibit E. Even though the page contains the plaintiff's product as one of the products, plaintiff has lost some sales and her Mark has been infringed upon to promote competitive products, help their brand recognition besides increasing their sales income by using her Mark in PPC Campaigns. Defendant intentionally and unlawfully exploited Plaintiff's mark and consumer goodwill for its own benefit.

18. Additionally Defendant also has allowed two unauthorized sellers listed her product with much higher price to drive traffic to their store at Amazon by using her Mark. See Exhibit F. Plaintiff has clearly explained how they aim not to sell the product but divert the traffic to the irrelevant stores using her Mark and requested to remove the unauthorized seller listings. Defendant did not take an action and allowed the unauthorized online sellers use her Mark, branding efforts and her copyrighted text and images to drive traffic to their stores.

19. Defendant's unresponsiveness and continuing violations of Plaintiff's Trademark Rights has also caused online encouragement of the competitive products bidding and using her Mark in their advertising campaigns (See Exhibit G) and use her Mark extensively to promote their

7

products in the articles (See Exhibit H) which had increased her financial lost exponentially over two years besides dilution of her mark and creating confusion among her prospectus customers.

20. Plaintiff's average sales were dropped over several years despite her increased branding efforts and positive customer reviews. Every time Plaintiff spent any effort, the competitors' products received traffic and some of the prospective sales. Thus Plaintiff's Branding efforts became counter productive.

### Facts Baiden Trademark

21. The Baiden Mitten is very well known Mark in online community. There are many articles, blog entry's, images, video clips, websites that are about the Mark. It is established before the registration with the United States Patents and Trademark Office. If the Mark related keywords search conducted in the major search engines, there are thousands of hits. It has been in Commercial use over 8 years.

### Defendant's Wrongful Conduct

22. Defendant's entire concept in creating the online advertising was based on to attract the targeted traffic that searches for Mark and divert it to their landing page that promotes Plaintiff's competitors products. In so doing, Defendant seeks to trade off the good will and

worldwide online recognition of Baiden without acknowledging ownership of Plaintiff.

23. Likewise, Defendant makes extensive use of the Mark by allowing of the free advertising of a competitive product under her product at the Defendant's platform disregarding Plaintiff's rights.

24. Defendant's use of Mark in advertising campaigns could lead the general public to understand that Mark refer primarily to a genus of goods or services, thereby rendering the Mark generic and destroying their origin-identifying function.

25. Defendant's willful actions (1) have the likelihood of affecting interstate commerce by deceiving or diverting the public off the Mark throughout the nation; (2) constitute a false designation of the defendant's goods or services by passing them off as being associated with the Mark; (3) suggest and encourage a non-existent connection with Mark; (4) suggest or/and encourage that the Mark has sponsored, licensed or approved of defendant's listed goods, services, or businesses; and/or (5) could cause the Mark to become generic in the eyes of the general public and destroy the origin-identifying function of the Mark.

///
///
///
///

# FIRST CAUSE OF ACTION

**(Federal Trademark Infringement)**

26. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 18 of the Complaint Defendant's aforementioned acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

27. Defendant's actions constitute trademark infringement in violation of section 32(a) of the Lanham Act, 15 U.S.C. § 1114. As a proximate result of defendants' actions, Plaintiff has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademark. The foregoing acts of infringement have been and continue to be deliberate, willful since the Plaintiff has contacted the Defendant to cease the violations.

# SECOND CAUSE OF ACTION

**(Federal Unfair Competition, False Designation of Origin, Passing Off and False Advertising)**

28. Plaintiff is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and court's fees.

///
///

29. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 18 of the Complaint.

30. Baiden, as used by plaintiff and its license in connection with providing goods and services relating to Mark are distinctive and have become associated with plaintiff and thus exclusively identify plaintiff's business, products, and services.

31. Because of Defendant's wrongful use of the Mark and its appropriation of the Mark as a thematic marketing concept for its products, consumers are deceptively led to believe that the Defendant's products originate with or is sponsored or otherwise approved by the Mark, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), or alternatively, will cause patrons to believe that the Mark is generic, thus destroying the goodwill and value plaintiff has built with the Mark.

32. The foregoing acts and conduct by Defendant constitute false designation of origin, passing off and false advertising in connection with products and services distributed in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. The Defendant's act of allowing the unauthorized sellers listings and a review merely advertising and reviewing the competitor's product under her and listing constitutes of contributory and vicarious liability for trademark infringement.

11

COMPLAINT

## THIRD CAUSE OF ACTION

**(Tortious Interference with Plaintiff's Prospective and Actual Business Relations, and Interference With An Economic Advantage)**

34. Defendant uses improper methods with PPC campaigns which fall outside the boundaries of fair competition, and allowing advertising under her listing to a competitive product disrupt or divert the business relationships of existing or prospectus customers. Through Defendants' tortious acts, Plaintiff has experienced interruption of its ongoing business activities, has been denied valuable business opportunities, and has suffered irreparable damage to its business reputation and goodwill.

35. Plaintiff is entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1) That Defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant who receive actual notice of the

court's order by personal service or otherwise, be permanently enjoined from:

  (a) Using any of the Mark or any variation of the word with the Mark specifically including, but not limited to, any term that includes "Baiden" or a misspelling of the Mark in connection with the promotion, marketing, advertising, public relations or any other strategy;

  (b) Diluting, blurring, passing off or falsely designating the origin of Mark or any related Marks;

  (c) Doing any other act or thing likely to induce the belief that Amazon.com website services or products are in any way connected with, sponsored, affiliated, licensed, or endorsed by plaintiff;

  (d) Using any of the Mark for goods or services, or on the internet, or as domain names, email addresses, meta tags, invisible data, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship or affiliation of Defendant with the Mark;

  (2) That Defendant, in accordance with 15 U.S.C. § 1116(a), be directed to file with this court and serve upon Plaintiff within thirty days after service of the permanent injunction a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the permanent injunction;

  (3) that Plaintiff's recover its actual damages sustained as a result of Defendant's wrongful actions;

///

13

COMPLAINT

(4) that Plaintiff recover Defendant's profits made as a result of Defendant's wrongful actions;

(5) That Plaintiff recover three times Defendant's profits made as a result of Defendant's wrongful actions or three times Plaintiff's damages, whichever is greater; The copy of the estimation of the Plaintiff's Damages is attached hereto as Exhibit I.

(6) That this case be deemed an exceptional case under 15 U.S.C. §§ 1117(a) and (b) and that Defendant be deemed liable for and ordered to reimburse Plaintiff for its reasonable attorneys' fees;

(7) That Plaintiff be awarded exemplary damages for Defendant's willful and intentional acts;

(8) That Plaintiff recover its costs of court; and

(9) That Plaintiff recover such further relief to which it may be entitled.

Dated: 6/15/2016

Ayse Sen, Plaintiff

14

COMPLAINT